UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 1:09-cr-110 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| | ) |
| RONNIE MCCALL | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Ronnie McCall, and the defendant's attorney, Ashley Ownby, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

a) Count 1. The defendant, a person required to register and update a sex offender registration under the Sex Offender Registration and Notification Act, traveled in interstate commerce and knowingly failed to update a sex offender registration as required by the Sex Offender Registration and Notification Act all in violation of Title 18 United States Code, Section §2250(a).

The punishment for this offense is as follows.

Count One(18 U.S.C. § 2250(a)):

Imprisonment for up to ten (10) years; fine of up to $250,000; supervised release for up to three (3) years; any lawful restitution; and a $100 special assessment.

b) In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

2. The parties agree that the appropriate disposition of this case would be the following as to each count:

   a) The Court may impose any lawful term of imprisonment up to the statutory maximum;

   b) The Court may impose any lawful fine up to the statutory maximum;

   c) The Court may impose any lawful term of supervised release up to the statutory maximum;

   d) The Court will impose a special assessment fee as required by law; and

   e) The Court may order forfeiture as applicable and restitution as appropriate.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crimes must be proved beyond a reasonable doubt:

   Count One (18 U.S.C. § 2250(a)):

   1. Defendant is a sex offender as defined under Sexual Offender Registration and Notification Act and is required to register as a sex offender.

   2. Defendant traveled in interstate commerce; and

   3. Defendant knowingly failed to register or update a registration.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other

facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

      a. On or about March 14, 1991, in the Criminal Court of Bradley County, the defendant pled guilty to Aggravated Rape and Aggravated Sexual Battery of a minor. These convictions qualify the defendant as a sexual offender under the Tennessee Sex Offender Registration and Notification Act, Tennessee Code Annotated Section 40-39-201, which requires the defendant to register quarterly and to update such registration in the event of changes such as moving from the state of Tennessee to another state. From at least as early as February, 2007, and continuing until April 15, 2009, however, the defendant failed to maintain his registration with the Tennessee Sex Offender Registration and Notification Act.

      b. On February 28, 2009, the defendant was arrested for charges of statutory rape in Bradley County, Tennessee. The defendant was transported to the Bradley County jail after the arrest, where he was released on bail on the same day. On March 5, 2009, the defendant failed to appear in court and, on or about March 5, 2009, the defendant traveled in interstate commerce from Bradley County, Tennessee to Macon, Georgia.

      c. The defendant was arrested on April 15, 2009, in Macon, Georgia where he was living with his cousin. At no time after the defendant left the state of Tennessee, from on or about March 5, 2009, through April 15, 2009, did the defendant report to the Tennessee Sex Offender registry that he had left the state of Tennessee. Furthermore, at no time after the defendant arrived in the state of Georgia, on or about March 5, 2009, and had resided there for more than three days, did the defendant register as a sex offender in the state of Georgia or in any other state as required by

3

Case 1:09-cr-00110-CLC-CHS   Document 13   Filed 08/25/09   Page 3 of 7   PageID #: 23

Georgia law. Such conduct constitutes a failure to register and a failure to update the defendant's sexual offender registration.

    d. The defendant was interviewed on April 28, 2009, and did admit that he was aware of the registration requirements and that he had failed to register and update his registration with the sexual offender registries of the state of Tennessee and Georgia. The defendant further admitted that he had been living with his cousin in the state of Georgia for at least 2 weeks.

    e. Some of the events occurred in the Eastern District of Tennessee.

    5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a)     the right to plead not guilty;

    b)     the right to a speedy and public trial by jury;

    c)     the right to assistance of counsel at trial;

    d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e)     the right to confront and cross-examine witnesses against the defendant;

    f)     the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

    g)     the right not to testify and to have that choice not used against the defendant.

    6.     Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the

4

Case 1:09-cr-00110-CLC-CHS   Document 13   Filed 08/25/09   Page 4 of 7   PageID #: 24

defendant engage in any conduct or make statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment ($100) in this case prior to sentencing.

8. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

9. The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to

cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the United States deems appropriate. Finally, the defendant and counsel agree that the defendant may be contacted regarding the collection of any fine and/or restitution without notifying counsel and outside the presence of counsel.

10. This agreement becomes effective once it is signed by the parties. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement, moves to withdraw the defendant's guilty pleas, or violates any court order or any local, state or federal law pending the resolution of this case, then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty pleas in this case.

11. This seven page plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other

6

Case 1:09-cr-00110-CLC-CHS  Document 13  Filed 08/25/09  Page 6 of 7  PageID #: 26

promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

JAMES R. DEDRICK
United States Attorney

_8/25/09_
Date

By: _____
James T. Brooks
Assistant United States Attorney

_8/25/09_
Date

_____
Ronnie McCall
Defendant

_8/25/09_
Date

_____
Ashley Ownby,
Attorney for Defendant

7